**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**OLEAR ORGANIZATION, INC.,**

      **Plaintiff,**

**-vs-**                                      **Case No. 6:12-cv-850-Orl-28KRS**

**NORTH POINTE INSURANCE COMPANY,**

      **Defendant.**

_____

## ORDER

Plaintiff, Olear Organization, Inc., brings the instant action against its insurer, Defendant North Pointe Insurance Company. The case is currently before the Court on the Motion to Dismiss (Doc. 5) filed by Defendant and the Memorandum in Response (Doc. 14) filed by Plaintiff. As set forth below, the motion is denied to the extent it has not been rendered moot.

### I. Background[1]

Plaintiff alleges in the Complaint (Doc. 2) that Defendant issued it a Commercial Property Insurance Policy, No. C96855, that was in effect when Plaintiff's property in Orlando, Florida, was damaged by Hurricane Charley on August 13, 2004, and by Hurricane Frances on September 5, 2004. (Compl. ¶ 5). Notice was provided to Defendant, and Defendant "acknowledged coverage for each hurricane loss and assigned two separate

---

[1]The facts in the Background section are taken from the Complaint and are accepted as true at this stage of the case.

claim numbers for the two losses." (Id. ¶¶ 17-18).  Defendant advised its adjuster that Plaintiff should submit one damage total figure for the two losses, and based on Defendant's representations claim documentation was submitted as a single total without differentiation between the two hurricanes.  (Id. ¶¶ 19-20).

Defendant thereafter made partial payments "for some loss directed towards each hurricane and each claim number." (Id. ¶ 21).  The damage to the insured building required the building to be replaced, and Defendant did not advise Plaintiff that it did not intend to pay out under two separate limits for two occurrences until after construction on the replacement building was begun in August 2008.  (Id. ¶¶ 22-24).  Defendant sent a payment on October 6, 2009, and asserted that that payment represented the balance of the available policy limits.  (Id. ¶ 29).

Plaintiff asserts that two policy limits are available for two separate losses and that Defendant has breached the policy by, inter alia, failing to pay for all of Plaintiff's losses.  (Id. ¶¶ 33-34, 41-42).  Plaintiff seeks a declaratory judgment (Count I) and asserts claims of breach of contract (Count II) and fraud (Count III).  In the motion now before the Court, Defendant asserts that the fraud count fails to state a cause of action and that the other counts are barred by the statute of limitations.  Plaintiff has since withdrawn the fraud count, (see Notice, Doc. 13), and thus Defendant's motion to dismiss is moot insofar as it pertains to Count III.  The statute-of-limitations issue remains for resolution by the Court.

## II.  Legal Standards

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "'[D]etailed

factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). Dismissal of a complaint "'on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred.'" Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 (11th Cir. 2005) (quoting LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (further internal quotation omitted).

### III.  Discussion

Defendant asserts that Plaintiff's contract-based claims are barred by the five-year limitations period set forth in section 95.11(2)(e), Florida Statutes, which provides that an action for breach of a property insurance contract must be commenced within five years, "with the period running from the date of loss." However, Plaintiff responds that this provision was not enacted until May 17, 2011,[2] that it is not retroactive, and that the limitations period runs not from the date of loss but from the date of the breach. Plaintiff's position is well-taken.

In Florida, absent an "express, clear, and manifest" intent by the legislature to give retroactive effect to a newly enacted statute of limitations, the statute "does not apply to causes of action occurring prior to its effective date." Foley v. Morris, 339 So. 2d 215, 217

---

[2]Ch. 2011-39, Laws of Fla.

(Fla. 1976). There is no such intent evident in the law that added subparagraph (e) to subsection 95.11(2) in May 2011. See ch. 2011-39, Laws of Fla. At least two other courts have reached this same conclusion. See W. Palm Gardens Villas Condo. Ass'n v. Aspen Specialty Ins. Co., No. 11-23912-Civ., 2012 WL 3017083, at *5 (S.D. Fla. June 25, 2012) ("[I]n light of the presumption against retroactive application, the Court does not find express, clear, or manifest legislative intent for the May 17, 2011 amendment to § 95.11(2) to apply retroactively."); Kelly v. Balboa Ins. Co., No. 8:11-cv-450-T-35-MAP, 2012 WL 4761905, at *6-7 (M.D. Fla. May 29, 2012). Accordingly, the Court finds that subsection (e) does not apply to Plaintiff's claims.

Instead, section 95.11(2) as it existed prior to May 17, 2011, applies here, and this means that the general contract statute of limitations in section 95.11(2)(b) controls. Section 95.11(2)(b) does not contain the "running from the date of loss" language of subparagraph (e). Pursuant to section 95.031, Florida Statutes, absent a contrary statutory provision a statute of limitations runs "from the time the cause of action accrues," which is "when the last element constituting the cause of action occurs."

"The Florida Supreme Court has held that, under § 95.11(2)(b), a breach of contract action on an insurance contract accrues on the date the contract is breached." Dinerstein v. Paul Revere Life Ins. Co., 173 F.3d 826, 828 (11th Cir. 1999) (citing State Farm Mut. Auto. Ins. Co. v. Lee, 678 So. 2d 818, 821 (Fla. 1996)). Here, Plaintiff has alleged in the Complaint that the breach occurred in October 2009—less than five years prior to the filing of this lawsuit on May 16, 2012. It is not apparent from the face of the Complaint that Plaintiff's claims are time-barred, and Defendant's motion therefore must be denied as to

Counts I and II.

### IV.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss (Doc. 5) is **DENIED as moot** insofar as it pertains to Count III and is **DENIED** as to Counts I and II.

**DONE** and **ORDERED** in Orlando, Florida this 9th day of November, 2012.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record